## THE UNITED STATED DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **VIRGINIUS LESLIE TAYLOR, JR.,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| **v.** | * | |
| | * | **CIVIL ACTION FILE NO.** |
| **UPS MACHINERY SERVICES, INC.;** | * | |
| **WALLACE W. COOPER; ENTERPRISE FM** | * | **CV-2019-997** |
| **TRUST, INC.,** | * | |
| | * | |
| | * | |
| **Defendants.** | * | |
| | * | |

## DEFENDANTS UPS MACHINERY SERVICES, INC.'S AND ENTERPRISE FM TRUST, INC.'S NOTICE OF REMOVAL

To:   J. Patrick Courtney, III
      Law Offices of J. Patrick Courtney, III
      P.O. Box 2205
      (I North Royal Street)
      Mobile, AL 36652-2205
      (251) 694-1001 – Telephone
      (251) 433-3752 – Fax
      Jpc3law@aol.com

      Hon. Ben H. Brooks
      Circuit Court of Mobile County
      Courtroom 6400
      205 Government Plaza
      Mobile, AL 36644

In accordance with 28 U.S.C. § 1446, Defendants UPS Machinery Services, Inc. ("UPS Machinery") and Enterprise FM Trust, Inc. ("Enterprise") hereby give notice they have removed this action from the Circuit Court for Mobile County, Alabama to the United States District Court for the Southern District of Alabama, Southern Division.

## REMOVAL IS TIMELY
## AND PROCEDURALLY PROPER

1.      UPS Machinery was served with Plaintiff's Summons and Complaint on October 18, 2019. (A true and correct copy of the mail return receipt showing service on October 18, 2019 is attached as Exhibit "A".)

2.      Enterprise was served with Plaintiff's Summons and Complaint on October 18, 2019. (A true and correct copy of the mail return receipt showing service on October 18, 2019 is attached as Exhibit "B".)

3.      This Notice of Removal has been filed with this Court within thirty (30) days of October 18, 2019, and complies with the time allowed for filing a Notice of Removal in 28 U.S.C. § 1446(b).

4.      Pursuant to 28 U.S.C. § 1446(a), a copy of the process, pleadings and orders filed in the Circuit Court for Mobile County, Alabama are attached as Exhibit "C."

5.      In accordance with 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being filed today with the Clerk of the Circuit Court for Mobile County, Alabama.

6.      This Court has jurisdiction pursuant to 28 U.S.C. § 1332 on the basis there is complete diversity of citizenship between the Parties and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

## COMPLETE DIVERSITY EXISTS BETWEEN PLAINTIFF AND DEFENDANTS AND THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.00, EXCLUSIVE OF INTEREST AND COSTS.

7.      Federal District Courts have "original jurisdiction of all civil actions where the matter in controversy" is: (1) between citizens of different states ; and (2) the amount in controversy is greater than $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332(a).

### a.  Complete Diversity Exists.

8.      Complete diversity exists when no plaintiff shares the same citizenship as any

defendant.

9.     An individual's citizenship is determined by that individual's domicile.  *Travaglio v. Am. Exp. Co.*, 735 F. 3d 1266, 1269 (11th Cir. 2013).  An individual's domicile is where that individual resides and has the intent to remain indefinitely. *Id*.

10.     A corporation is a citizen of every state in which it was incorporated or has its principal place of business.  *Id*.

11.     Plaintiff Virginius Leslie Taylor alleges in his Complaint that he is and was at the time of the commencement of this action a resident of the State of Alabama.  (Exhibit "D", Plaintiff's Complaint, Paragraph No. 1).

12.     UPS Machinery is and was at the time of the commencement of this action a resident of the State of Texas.  UPS Machinery is a Texas corporation, with its principal place of business is in Texas.  (Alabama Secretary of State's website printout for UPS Machinery is attached as Exhibit "E").

13.     Defendant Wallace Cooper is and was at the time of the commencement of this action a citizen of Louisiana.

14.     Defendant Enterprise is and was at the time of the commencement of this action a citizen of both Delaware and Missouri, as it is a Delaware corporation, with its principal place of business is Missouri. (Alabama Secretary of State's website printout for Enterprise is attached as Exhibit "F").

15.     As such, complete diversity exists because Plaintiff is a citizen of Alabama and Defendants are citizens of Texas, Louisiana, Delaware, and Missouri.

> **b**. **The Amount in Controversy Exceeds $75,000.00, exclusive of interest and costs.**

16.     Plaintiff's Complaint is carefully crafted to avoid any quantification as to damages.

17.     Although no specific amount of damage is indicated in the Complaint, the types of damages claimed is varied and extensive.

18.     Plaintiff claims (1) suffering a serious personal injury; (2) incurring past and future medical treatment and bills; (3) emotional distress; (4) temporary and permanent disability; (5) property damage to his motor vehicle; (6) loss of enjoyment and quality of life; and (7) punitive damages.

19.     Where a plaintiff makes "an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the ... jurisdictional requirement." *Tapscott v. MS Dealer Service Corp.,* 77 F.3d 1353, 1357 (11th Cir. 1996), *abrogated on other grounds by Cohen v. Office Depot, Inc.,* 204 F.3d 1069 (11th Cir. 2000).   In some cases, it may be "facially apparent" from the pleading itself that the amount in controversy exceeds the jurisdictional minimum, even when "the complaint does not claim a specific amount of damages."   *Jones v. Marriott Int'l, Inc*., 2018 WL 2320947 (S.D. Ala. May 22, 2108); *citing Pretka v. Kolter City Plaza II, Inc.,* 608 F.3d 744 (11th Cir. 2010), *quoting Williams v. Best Buy Co., Inc.,* 269 F.3d 1316, 1319 (11th Cir. 2001)).

20.     This   Court   has   stated   defendants   are   "not   required   to   prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Marriott*, at *4, *citing* Pretka,  608 F.3d at 754.   Rather, Defendants may meet their burden by showing either that it is "facially apparent from the pleading itself that the amount in controversy exceeds the jurisdictional minimum," or that there is "additional evidence demonstrating that removal is proper." Id., *citing Roe v. Michelin North America, Inc.,* 613 F.3d 1058, 1061 (11th Cir. 2010) (citations omitted).

21.     The removing defendant is allowed to provide additional evidence to show the

amount in controversy is over the $75,000.00 threshold.  *Jones v. Marriott International, Inc.*, Civil Action No. 18-00171-N, 2018 WL 2320947, at *4 (S. D. Ala. May 22, 2018).

22.     Additional documentation provided by the removing defendants as evidence does not have to comply with admissibility prerequisites.  *See Spottswood v. Stewart Title Guar. Co.*, Civil Action No. 10-0109-WS-B, 2010 WL 1539993, at *4 n. 11 (S. D. Ala. Apr. 16, 2010).

## PROPERTY DAMAGE

23.     Plaintiff claims his vehicle sustained damage as a result of the collision.

24.     In support of Plaintiff's property damage claim, Plaintiff's automobile insurer (Travelers) submitted a repair bill and rental fees in the amount of $13,919.03. (Exhibit "G").

25.     In further support of Plaintiff's property damage claim, Plaintiff's counsel provided Appraisal Vouchers from Acura of Mobile showing a $14,500.00 for loss of value as a result of the car being wrecked. (Exhibit "H")

26.     Plaintiff's claim for repair costs, car rental fees, and loss of value total $28,419.03.

## MEDICAL BILLS

27.     Plaintiff claims past and future medical bills resulting from the injuries received in the collision.

28.     Plaintiff submitted medical bills from The Orthopaedic Group in the amount of $4,098.00 (Exhibit "I") and from Harlow Chiropractic in the amount of $1,323.00 (Exhibit "J").

29.     Plaintiff's counsel asserted that since submitting the above-referenced medical bills from The Orthopaedic Group, Plaintiff has undergone an MRI, two ablations, two facet blocks, and been under anesthesia on four occasions. (Exhibit "K").

30.     Based upon cost data, the total charges for the procedures performed at the Orthopaedic Group amounts to at least $21,000.00. (Exhibit "L").

31.     Plaintiff also claims future medical expenses.

32.     Dr. Harlow anticipates Plaintiff will require continued treatment twice a month through the next year and will need laser therapy when the condition is aggravated. (Exhibit "M").

33.     Based upon Dr. Harlow's opinion relative to the future treatment, and utilizing the same fee schedule for the past treatment, the evidence shows future chiropractic costs of $3,719.00, plus laser therapy.

34.     Thus, Plaintiff claims past and future medical bills of $30,140.00. plus laser therapy.

## PHYSICAL INJURY AND LOSS OF ENJOYMENT

35.     The Complaint seeks compensatory and punitive damages for Plaintiff's "serious personal injuries," permanent injury, and permanent disability.

36.     "Certain injuries are by their nature are so substantial as to make it readily apparent that the amount in controversy is satisfied." *Sanderson v. Daimler Chrysler Motor Corp.,* 2007 WL 298822 (S. D. Ala. 2007).

37.     It has been held that serious and permanent injury is substantial enough to meet this threshold. *Id.*

38.     Here, Plaintiff alleges severe and permanent injury.

39.     Plaintiff also alleges serious loss of enjoyment of life.

40.     Plaintiff claims he can no longer participate in the outdoor activities he used to enjoy, as his condition is "a lot worse" because of the accident.

41.     Plaintiff claims he is retired, and is no longer able to fish, hike, hunt, run, or enjoy the outdoors.

42.     Plaintiff describes the reason one retires is to enjoy life, interests, and passions while able to do so, and is now encumbered by the physical injuries from this accident, which have removed this aspect of his retirement.

43.     The permanency of Plaintiff's alleged injuries and the alleged loss of enjoyment Plaintiff alleges to have suffered, when coupled with the property damage and past and future medical bills, make it apparent the amount in controversy will more likely than not will exceed $75,000.00, exclusive of interest and costs.

## EMOTIONAL DISTRESS/METAL ANGUISH

44.     Plaintiff contends he has suffered emotional distress and mental anguish as a result of the injuries.

45.     Claims for mental anguish and emotional distress are included in determining the amount in controversy requirement. *Earl v. Diebold, Inc.*, Civil Action No. 14–0498–KD–C, 2015 WL 789763, at *6 (S. D. Ala. Feb. 25 2015).

46.     The Supreme Court of Alabama has stated that compensable damages for mental anguish can be recovered from "the mental suffering resulting from the excitation of the more poignant and painful emotions, such as grief, severe disappointment, indignation, wounded pride, shame, public humiliation, despair, etc." *Daniels v. East Alabama Paving, Inc.*, 740 So. 2d 1033, 1049 (Ala. 1999).

47.     Plaintiff's counsel has made specific allegations showing, at a minimum, "some evidence" that Plaintiff has suffered from emotional pain and suffering.

48.     For instance, Plaintiff alleges he can no longer enjoy his retirement as contemplated. He, allegedly as a cause of the accident, cannot fish, hunt, or shoot as he rightfully expected to do. This is proof—and it is not speculation to state—that Plaintiff could suffer from grief, severe disappointment, indignation, and despair from allegedly having his

retirement taken away by Defendants.

## PUNITIVE DAMAGES

49.     Plaintiff finally seeks punitive damages, which must be considered when determining the amount in controversy. *Holley Equipment Co. v. Credit Alliance Corp.,* 821 F.2d 1531 (11th Cir. 1987).

50.     Because punitive damages must also be considered, it is not speculative that the amount in controversy here exceeds $75,000.00, exclusive of interest and costs.

51.     Plaintiff's counsel has called Mr. Cooper's driving "inexcusable." (Exhibit "K").

52.     While Defendants vehemently disagree with this categorization, this allegation shows the necessary actions to justify punitive damages.

## CONCLUSION

53.     Plaintiff's known property damage, past medical costs, and future medical costs total $58,559.03.

54.     Plaintiff also seeks compensatory damages for pain and suffering, mental anguish and emotional distress, and loss of enjoyment of life.

55.     Plaintiff further seeks punitive damages.

56.     When this Court totals the property damage, past medical bills and future medical treatment ($58,559.03), and then adds the loss of enjoyment of life, pain and suffering, and mental anguish and emotional distress allegedly caused by Defendants in the March 29, 2018 accident, the facts show the amount in controversy is over $75,000.00, exclusive of interest and costs.

57.     This is especially true when the Court considers that Plaintiff also seeks punitive damages.

WHEREFORE, Defendants UPS Machinery and Enterprise request this Court take

jurisdiction of this Lawsuit and issue all necessary Orders to remove this Lawsuit from the Circuit Court of Mobile County, Alabama to this United States District Court for the Southern District of Alabama – Southern Division.

DATED: November 15, 2019.

Respectfully submitted,

By:  s/ E. Britton Monroe
E. Britton Monroe (MONRE1454)
Patrick Patronas (ASB-3354-a49p)
Kevin J. Roak (ASB-9556-f06c)
Attorneys for Defendants,
UPS Machinery Services, Inc. and
Enterprise FM Trust, Inc.

**OF COUNSEL:**
**LLOYD, GRAY, WHITEHEAD & MONROE, P.C.**
880 Montclair Road, Suite 100
Birmingham, Alabama 35213
Telephone:    (205) 967-8822
Facsimile:     (205) 967-2380
bmonroe@lgwmlaw.com
ppatronas@lgwmlaw.com
kroak@lgwmlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of November, 2019 the foregoing was served by electronic filing with the Clerk of Court using the AlaFile system which will send notification of such filing to the following:

**Attorney for Plaintiff**
J. Patrick Courtney, III
Law Offices of J. Patrick Courtney, III
P.O. Box 2205
(I North Royal Street)
Mobile, AL 36652-2205
(251) 694-1001 – Telephone
(251) 433-3752 – Fax
Jpc3law@aol.com

/ s/ E. Britton Monroe
OF COUNSEL