## THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| VIRGINIUS LESLIE TAYLOR, JR., | * | |
| | * | |
| Plaintiff, | * | |
| | * | CIVIL ACTION NO. |
| v. | * | |
| | * | 1:19-CV0997 |
| UPS MACHINERY SERVICES, INC.; | * | |
| et al., | * | |
| | * | |
| Defendants. | * | |

## FIRST AMENDED COMPLAINT

COMES NOW the Plaintiff, VIRGINIUS LESLIE TAYLOR, JR., by and through undersigned counsel, and files the following First Amended Complaint dismissing without prejudice Defendant ENTERPRISE FM TRUST, INC. and restating the claims against the remaining Defendants as follows:

1.      Plaintiff VIRGINIUS LESLIE TAYLOR, JR. is an adult resident of Mobile County, Alabama.

2.      Defendant UPS MACHINERY SERVICES, INC. ("UPS") is an entity doing business in this State.  Upon information and belief, Defendant UPS was the employer or principal of Defendant Cooper at the time of the motor vehicle collision forming the basis of this Complaint.

3.      Defendant WALLACE W. COOPER is an adult who, upon information and belief, was acting within the line and scope of his employment as an agent, servant and/or employee of Defendant UPS Machinery Services, Inc. at the time of the motor vehicle collision forming the basis of this Complaint.

4.      Defendants A, B, and C, are those persons, firms, corporations, associates, partnerships, or other entities who were the employer or principal of Defendant Cooper at the time and date of the collision made the basis of the Complaint; all of whose names and true legal identities are otherwise unknown at this time but who will be added by amendment when ascertained, jointly and severally.

5.      On or about March 29, 2018, at approximately 9:04 a.m., Plaintiff Taylor was traveling in his motor vehicle southbound on Highway 45 at the intersection of Highway 158 in Mobile County, Alabama.

6.      At the same time, Defendant Cooper, within the line and scope of his employment with Defendant UPS while driving a vehicle owned by Defendant Enterprise, was traveling northbound on Highway 45.  As Defendant Cooper approached the intersection of Highway 158, he failed to yield the right of way at the traffic light, and turned left pulling out directly in front of Plaintiff's vehicle.  As a result of Defendant Cooper's actions, the vehicles collided.

7.      As a proximate result of the subject collision, Plaintiff has been caused to suffer serious personal injuries; he was seriously injured and was knocked, shocked, bruised, and contused in and about various portions of his body; he was caused to undergo medical treatment for his injuries and will be caused to undergo further medical treatment in the future; he was caused to incur medical expenses for the treatment of his injuries and will be caused to incur additional medical expenses in the future; he was temporarily and/or permanently injured; he has been rendered temporarily and/or permanently disabled; he was caused to suffer both physical and emotional pain and suffering, still so suffers, and will so suffer in the future; his vehicle was destroyed;  he has lost enjoyment and quality of life; and other damages.

## FIRST CAUSE OF ACTION

9.      Plaintiff adopts the allegations contained in the preceding paragraphs herein.

10.      Defendants were guilty of negligence which caused the Plaintiff's damages as aforesaid.

WHEREFORE, the premises considered, Plaintiff demands judgment against the Defendants, jointly and severally, for compensatory damages in excess of the jurisdictional limits of this Court and costs of this action, plus interest.

## SECOND CAUSE OF ACTION

11.      Plaintiff adopts the allegations contained in the preceding paragraphs herein.

12.      The Defendants were guilty of wantonness which caused Plaintiff's damages as aforesaid.

WHEREFORE, the premises considered, Plaintiff demands judgment against the Defendants, jointly and severally, for compensatory damages in excess of the jurisdictional limits of this Court, punitive damages, and costs of this action, plus interest.

Respectfully submitted,

*/s/ J. Patrick Courtney III*

J. PATRICK COURTNEY III       (COUJ9433)

*Attorney for Plaintiff, Virginius L. Taylor, Jr.*

LAW OFFICES OF J. PATRICK COURTNEY III
P. O. Box 2205
(6 St. Joseph Street, Loft 1)
Mobile, AL  36652-2205
251/694-1001
jpc3law@aol.com

3

## CERTIFICATE OF SERVICE

I hereby certify that I have on this the 5th day of December, 2019, electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

E. Britton Monroe, Esq.
Patrick Patronas, Esq.
Kevin J. Roak, Esq.
Lloyd Gray Whitehead & Monroe, P.C.
880 Montclair Road, Suite 100
Birmingham, AL  35213-1972
bmonroe@lgwmlaw.com
ppatronas@lgwmlaw.com
kroak@lgwmlaw.com


*/s/ J. Patrick Courtney III*
_____
J. PATRICK COURTNEY III