IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **VIRGINIUS LESLIE TAYLOR, JR.,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 19-0997-WS-B |
| | ) |
| **UPS MIDSTREAM SERVICES,** | ) |
| **INC.,** *et al.*, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

This matter comes before the Court on defendants' Motion to Dismiss (doc. 42) filed pursuant to Rule 12(b)(6), Fed.R.Civ.P. The Motion has been briefed and is now ripe.

**I.     Background.**

This case arises from an automobile accident. Plaintiff, Virginius Leslie Taylor, Jr., alleges that he was driving southbound on Highway 45 at the intersection of Highway 158 in Mobile County, Alabama, when he was struck by a vehicle driven by defendant Wallace W. Cooper, who was purportedly acting within the line and scope of his employment for defendant UPS Midstream Services, Inc. Taylor's theory is that Cooper caused the collision by failing to yield the right of way and turning left into the intersection, directly in front of Taylor's vehicle. On that basis, Taylor seeks to pursue claims of negligence and wantonness against Cooper and UPS Midstream.

Notwithstanding these apparently straightforward factual allegations and claims, there have already been four iterations of the Complaint filed in this matter. Taylor's original Complaint was filed in state court on October 14, 2019, and asserted claims against Cooper, UPS Machinery Services, Inc. and a third defendant, Enterprise FM Trust, Inc., which was alleged to be the "owner or operator of the motor vehicle being operated by Defendant Cooper" at the time of the accident. (Doc. 1-1, PageID.22.) Following removal of this action to this District Court, Taylor filed a First Amended Complaint (doc. 9) on December 5, 2019, for the sole stated purpose of deleting his claims against defendant Enterprise. Upon being notified that he had

named the incorrect UPS entity that employed Cooper and that UPS Midstream Services, Inc. was the correct entity, Taylor requested and received leave of court to file another amended pleading to identify the proper UPS defendant. (*See* docs. 27 & 31.) In the Order authorizing Taylor to file his Second Amended Complaint, this Court directed him "to file his Second Amended Complaint as a single, integrated pleading that includes all of the allegations from the First Amended Complaint, as well as the new verbiage identifying the correct name of the UPS defendant as set forth in the proposed amendment." (Doc. 31, PageID.239-40.) Taylor complied with this directive by filing a complete Second Amended Complaint on March 4, 2020. (Doc. 32.) Unfortunately, Paragraph 3 of this version of the Complaint mistakenly alleged that Cooper was "an agent, servant and/or employee of Defendant UPS Machinery Services, Inc." (*Id.*, PageID.241.) Simply put, plaintiff had filed a Second Amended Complaint to correct the name of the UPS defendant to "UPS Midstream Services, Inc.," but erroneously failed to correct the name in one paragraph of the pleading. When this oversight was brought to plaintiff's counsel's attention, Taylor filed a "Corrected Second Amended Complaint" without leave of court on March 23, 2020. That document is not an integrated, complete pleading, but instead consists of nothing more than a restated Paragraph 3, correcting the factual allegations therein to reflect that Cooper was "an agent, servant and/or employee of Defendant UPS <u>Midstream</u> Services Inc." (Doc. 41, PageID.289.) No other factual allegations, claims or statements against defendants were included in this "Corrected Second Amended Complaint" document.

**II.     Analysis.**

Defendants now move to dismiss the Corrected Second Amended Complaint for failure to state a claim. In support of their Motion, defendants rely on the well-settled principle that "[a]s a general rule, an amended complaint supersedes and replaces the original complaint unless the amendment specifically refers to or adopts the earlier pleading." *Varnes v. Local 91, Glass Bottle Blowers Ass'n of U.S. and Canada*, 674 F.2d 1365, 1370 n.6 (11th Cir. 1982); *see also Hollis v. Western Academy Charter, Inc.*, 782 Fed.Appx. 951, 955 (11th Cir. Aug. 8, 2019) ("Once the district court accepts the amended pleading, the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary.") (citation and internal quotation marks omitted). On that basis, defendants argue that Taylor's operative pleading is now the Corrected Second Amended Complaint, without regard for any of the now-superseded prior iterations of the pleading. Because the operative version of the Complaint

consists of merely a statement that defendant Cooper worked for defendant UPS Midstream at the time of the wreck, defendants reason, the Corrected Second Amended Complaint fails to state a claim upon which relief may be granted, thereby warranting dismissal pursuant to Rule 12(b)(6), Fed.R.Civ.P.

Defendants are correct that the Corrected Second Amended Complaint supersedes the previous versions of Taylor's Complaint, and that in its present form it does not state a claim. Defendants are also correct that by filing a pleading that does not reproduce any of the other allegations of the Complaint, Taylor has run afoul of the Local Rules' unambiguous requirement that "[a]ny amendment to a pleading, whether filed as a matter of course or upon a motion to amend, ***must reproduce the entire pleading as amended***." Civil L.R. 15(a) (emphasis added). Thus, plaintiff has not followed the rules.

The only question is that of remedy. Defendants' position is that Taylor's transgression is sufficiently egregious that this action should be dismissed with prejudice, without allowing him an opportunity to file a Third Amended Complaint that consists of a single, integrated pleading that merges the allegations of the superseded Second Amended Complaint with the single paragraph contained in the Corrected Second Amended Complaint. Although defendants concede (as they must) that Rule 15(a)(2) of the Federal Rules of Civil Procedure adopts a policy of freely granting leave to amend pleadings when justice so requires, they nonetheless insist that no such amendment should be countenanced here because Taylor has already had repeated opportunities to amend his complaint but has never gotten it right (*i.e.*, in defendants' words, he has "not managed to pair in the same pleading both the facts with a valid legal claim," Doc. 42-1, PageID.297). To be clear, defendants do not suggest that plugging Paragraph 3 from the Corrected Second Amended Complaint into the previously filed Second Amended Complaint would yield a deficient pleading. They do not contend the facts as pleaded in the Second Amended Complaint are insufficient to support cognizable claims of negligence and wantonness. Instead, they argue that Taylor is stuck with the Corrected Second Amended Complaint which consists solely of Paragraph 3, and that he should not be allowed to take another bite at the apple.

Under the circumstances presented here, dismissal of this action with prejudice would be neither appropriate nor just. Plaintiff's failure to file a correct, complete pleading that both complies with the Local Rules and eliminates typographical errors as to the name of the UPS defendant is regrettable, but should not sound the death knell of his lawsuit. In this Circuit, "we

have a strong preference for deciding cases on the merits … whenever reasonably possible." *Perez v. Wells Fargo, N.A.*, 774 F.3d 1329, 1332 (11th Cir. 2014); *see generally Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002) (reaffirming rejection of "the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome") (citation omitted).  Taylor obviously can state claims against Cooper and UPS Midstream upon which relief can be granted.  In the interests of justice, this Court will allow him one more opportunity to do so.

**III.   Conclusion.**

For all of the foregoing reasons, defendants' Rule 12(b)(6) Motion to Dismiss (doc. 42) is **denied**.  Plaintiff is **ordered**, on or before **May 7, 2020**, to file as a Third Amended Complaint a single, integrated pleading that includes all of the allegations and claims from the Second Amended Complaint, along with the corrected verbiage in Paragraph 3 identifying the proper UPS entity defendant.

DONE and ORDERED this 30th day of April, 2020.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE